**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **INNOVA PATENT LICENSING, LLC,** | |
| **Plaintiff,** | **Case No. 2:12-cv-00362-MHS-CMC** |
| | **JURY TRIAL DEMANDED** |
| **v.** | |
| **EBAY, INC.,** | |
| **Defendant.** | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT EBAY, INC.'S MOTION TO TRANSFER VENUE

## I.  INTRODUCTION

eBay has not met its significant burden to warrant transfer to the Northern District of California.  Indeed, to meet the requirements of transfer, eBay must carry a substantial burden to show that the Northern District of California is *clearly* more convenient than the Eastern District of Texas.  But nearly all the convenience factors weigh against transfer or are neutral.  Thus, the Court should deny eBay's motion.

## II.  LEGAL STANDARDS

Section 1404(a) provides that the Court may, in its discretion, transfer an action to another forum "for the convenience of the parties and witnesses." 28 U.S.C. § 1404(a).  InNova's choice of venue "places a *significant burden* on the movant to show good cause for the transfer." *In re Volkswagen of America, Inc.,* 545 F.3d 304, 315 n.10 (5th Cir. 2008) (en banc) ("*Volkswagen II*") (emphasis added).  To meet its significant burden, eBay must show both that the proposed venue is one in which the case "might have been brought" originally, and that the proposed transferee forum is "*clearly more convenient*." *J2 Global Commc'ns Inc. v. Protus IP Solutions, Inc.*, 2008 WL 5378010, *2 (E.D. Tex. Dec. 23, 2008) (emphasis added).  If "the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Volkswagen II*, 545 F.3d at 315; *see also id* at 321 (in section 1404(a), "Congress … did not give defendants the right to be sued only in certain forums, such as the most convenient.") (King, J. dissenting).

When deciding whether convenience transfer is warranted, the Court will review the private and public interest factors as applied to the facts at hand. The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all

other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315. The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id*.

Courts will not "entertain tactical battles for convenience shifting," where the only result of transfer is to "shift the balance of inconveniences from the moving party to the non-moving party." *Mohamed v. Mazda Motor Corp*., 90 F. Supp. 2d 757, 775 (E.D. Tex. 2000) (internal quotations omitted). And the fact that "the plaintiff may be burdened by some inconvenience in its own chosen forum is not an argument that a defendant can make successfully in support of its transfer motion." 15 Wright & Miller, Fed. Pract. & Proc. §3849 (West 2008).

InNova's choice of venue is not a factor in the convenience analysis. *Volkswagen II*, 545 F.3d at 314-15. Rather, InNova's choice of venue contributes to eBay's significant burden in proving that the transferee venue is "clearly more convenient." *Id.* at 315; *In re TS Tech USA Corp.*, 551 F.3d 1315, 13919 (Fed. Cir. 2008). When deciding whether an alternate venue is clearly more convenient, the Court balances several private and public interest factors, keeping in mind that these factors "are not necessarily exhaustive or exclusive" and that "none can be said to be of dispositive weight." *Volkswagen II*, 545 F.3d at 315. Finally, "district courts have broad discretion in deciding whether to order a transfer." *Id* at 311.

## III. ARGUMENT

### A.  Venue is proper in either district.

InNova does not contest that this action "might have been brought" against eBay in the Northern District of California.

### B.  Northern California is not "clearly more convenient" than Texas.

#### 1.  The relative ease of access to sources of proof is neutral.

The relative ease of access to sources of proof is neutral, and therefore weighs against transferring this case out of the Eastern District of Texas.  InNova is a company formed under the laws of the state of Texas, incorporated in Texas, and wholly existing within the Eastern District of Texas.  Declaration of Robert Uomini ("Uomini Decl.") from *InNova Patent Licensing, LLC v. 3COM Corporation, et al.*, 2:10-CV-00251-DF-CE (E.D. Tex.) (Dkt. # 299-6) at ¶ 1, 2-4. InNova has existed exclusively in Texas. *Id.*  All of InNova's documents are located at its headquarters in the Eastern District of Texas. *Id.*  If transfer were granted, InNova would have to move all of its documents and travel an equal distance that eBay would have to travel if this case remained in Texas.  Transfer would simply shift the burden from eBay to InNova.

InNova's presence in Texas goes beyond merely "manufacturing venue."  Mot. at 8.  As eBay acknowledges, InNova has been a company operating in Texas for over two years. Mot. at 4; Uomini Decl.  Moreover, recent case law further demonstrates that a company like InNova is a *bona fide* resident of Texas.  *See Novelpoint Learning LLC v. Leapfrog Enterprises, Inc.*, No. 6:10-cv-229, 2010 WL 5068146, at *4-6 (E.D. Tex. Dec. 6, 2010) (finding plaintiff corporation not ephemeral and denying motion to transfer).  The plaintiff in *Novelpoint Learning*, filed its complaint months after incorporation whereas InNova has had a presence in Texas for more than two years.  Moreover, like the plaintiff in *Novelpoint Learning*, InNova's documents are not

located at the offices of its counsel, but its own separate offices.  *Id.*  InNova's presence in

Texas, like that of the plaintiff of *Novelpoint*, is real and should count against transfer.

InNova acknowledges that eBay's likely evidence and witnesses reside in the Northern

District of California. However, InNova is a Texas company, with its documents in Texas and

having only resided in Texas. Generally, Courts will not "entertain tactical battles for

convenience shifting," where the only result of transfer is to "shift the balance of inconveniences

from the moving party to the non-moving party."  *Mohamed v. Mazda Motor Corp*., 90 F. Supp.

2d 757, 775 (E.D. Tex. 2000) (internal quotations omitted).  Because this factor is neutral, it

weighs against transfer.

### 2.   The availability of compulsory process favors transfer.

InNova acknowledges that the only known third parties to which any Court would have

compulsory process reside in the transferee district. Mot. at 10-11. Therefore, this factor weighs

in favor of transfer.

### 3.   "Other practical problems" weigh against transfer.

This "catch-all" private interest factor mainly addresses the possibility of delay and

prejudice in effecting transfer should transfer be granted. *In re Genentech, Inc.*, 566 F.3d 1338,

1342 (Fed. Cir. 2009).  Though transfer will invariably cause delay and additional burden on the

parties, legally cognizable delay and prejudice associated with transfer only arises in rare

circumstances. *In re Horseshoe Ent.*, 337 F.3d 429, 434 (5th Cir. 2003).

However, "[t]he Fifth Circuit adheres to the general rule[] that the court in which an

action is first filed is the appropriate court to determine whether subsequently filed cases

involving substantially similar issues should proceed." *Sutter Corp. v. P & P Indus., Inc.*, 125

F.3d 914, 920 (5th Cir. 1997); *see also Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d

671, 677-78 (5th Cir. 2011) ("Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap."). The rule therefore "not only determines which court may decide the merits of substantially similar cases, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." *Sutter*, 125 F.3d at 920. This result is a necessary outgrowth of the "principles of comity and sound judicial administration," functioning "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999).

Thus, under the first-to-file rule, a district court confronted with an earlier-filed suit may only consider whether there is a likelihood of overlap in the issues presented, and if so, it is obliged to transfer the matter to the first-filed court to allow that court to determine whether the two suits should proceed independently or be consolidated in the first-filed court. *See Sutter*, 125 F.3d at 920 (given substantial overlap of issues, district court abused discretion in denying motion to transfer to first-filed court). As the Fifth Circuit explained in a situation similar to the one presented here, this is the necessary result because the first-filed court has prior jurisdiction over the subject matter of the suit:

> Once the likelihood of substantial overlap of issues between the two suits had been demonstrated, it was no longer up to the court in Texas to resolve the question of whether both should proceed. By virtue of its prior jurisdiction over the common subject matter . . . the determination of whether there actually was substantial overlap requiring consolidation of the two suits in Oklahoma belongs to the United States District Court in Oklahoma.

*Mann Mfg. Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971) (alterations omitted); *Sutter*,

125 F.3d at 920 (quoting this passage); *see also Cadle Co.*, 174 F.3d at 605-06 (second-filed court is not permitted to consider jurisdiction of first-filed court in determining whether transfer under first-to-file rule is appropriate).

Application of the first-to-file rule in "the complex and technical area of patent and trademark law" is of particular importance in preventing "an extravagantly wasteful and useless duplication of the time and effort of the federal courts by the simultaneous trial of two complex and elaborate cases involving substantially the same factual issues." *See Wolf Designs, Inc. v. Donald McEvoy Ltd.*, 341 F. Supp. 2d 639, 645 (N.D. Tex. 2004) (quotations and citation omitted).

InNova currently has 18 pending suits in the Eastern District of Texas, all concerning the same patent.[1]  Though many defendants in these cases have filed motions to transfer, not even a majority of defendants in these cases have filed motions to transfer.  *Id.*  And not all such filed motions seek transfer to the Northern District of California.  *See InNova Patent Licensing, LLC v.* AT&T Inc., 2:12-cv-00354-MHS-CMC (seeking transfer to the Northern District of Texas). Distributing cases across on the country, to be litigated in several different district courts, would be a waste of judicial resources because all of these cases were first filed here in the Eastern

---

[1] *See InNova Patent Licensing, LLC v. American Greetings Corp.*, 2:12-cv-00354-MHS-CMC; *InNova Patent Licensing, LLC v. AT&T Inc.*, 2:12-cv-00355-MHS-CMC;*InNova Patent Licensing, LLC v. Axway, Inc.*, 2:12-cv-00356-MHS-CMC; *InNova Patent Licensing, LLC v. Barracuda Networks, Inc.*, 2:12-cv-00357-MHS-CMC; *InNova Patent Licensing, LLC v. Cloudmark, Inc.*, 2:12-cv-00358-MHS-CMC; *InNova Patent Licensing, LLC v. CA, Inc.*, 2:12-cv-00360-MHS-CMC; *InNova Patent Licensing, LLC v. eBay, Inc.*, 2:12-cv-00362-MHS-CMC; *InNova Patent Licensing, LLC v. Earthlink, Inc.*, 2:12-cv-00364-MHS-CMC; *InNova Patent Licensing, LLC v. Fidelity National Information Services, Inc.*, 2:12-cv-00365-MHS-CMC; *InNova Patent Licensing, LLC v. Ipswitch, Inc.*, 2:12-cv-00366-MHS-CMC; *InNova Patent Licensing, LLC v. LinkedIn Corporation*, 2:12-cv-00367-MHS-CMC; *InNova Patent Licensing, LLC v. Microsoft Corp.*, 2:12-cv-00370-MHS-CMC; *InNova Patent Licensing, LLC v. PayPal, Inc.*, 2:12-cv-00372-MHS-CMC; *InNova Patent Licensing, LLC v. Roger Communications Inc.*, 2:12-cv-00373-MHS-CMC; *InNova Patent Licensing, LLC v. Total Defense, Inc.*, 2:12-cv-00375-MHS-CMC; *InNova Patent Licensing, LLC v. Trend Micro Incorporated*, 2:12-cv-00376-MHS-CMC; *InNova Patent Licensing, LLC v. TrustSphere*, 2:12-cv-00377-MHS-CMC; and *InNova Patent Licensing, LLC v. 3Com Corporation et al.*, 2:10-cv-00251-MHS-CMC.

District of Texas and involve overlapping factual and legal issues. Therefore this factor weighs against transfer.

### 4.   The administrative difficulties from court congestion weigh against transfer.

The interests of justice may decide a motion to transfer "even if the convenience of the parties and witnesses might call for a different result." *Jackson v. Intel Corp.*, 2009 WL 749305, at *4 (E.D. Tex. Mar. 19, 2009).  Relative court congestion is one factor that affects the interests of justice analysis. Thus, the speed with which a case can come to trial is a factor in the transfer analysis.  *Acceleron, LLC v. Egenera, Inc.*, 2009 WL 1606961, at *6 (E.D. Tex. June 9, 2009) (Davis, J.) (citing *Genentech*, 566 F. 3d at 1347).

Recent statistics put out by the U.S. Courts clearly show that this factor weighs against transfer.  *See www.uscourts.gov/Statistics/FederalCourtManagementStatistics.aspx.* For the most recent year in which the statistics were available, it took 23.7 months to get to trial in East Texas. *Id*. at 35. But for Northern California, it took nearly a year longer – 34.3 months – to get to trial during the same statistical time period.  *Id*. at 66.  Thus, it takes almost a year longer to get to trial in Northern California than in this District.  Because it takes much longer to get to trial in Northern California than in East Texas, this factor weighs against transfer.

### 5.   The Local Interest Factor Is Neutral.

eBay infringes InNova's patents in East Texas, creating a strong nexus with this District. *See 800 Adept, Inc. v. Enterprise Rent-A-Car, Co.*, 545 F. Supp. 2d 562, 570 (E.D. Tex. 2008) ("The state of the patentee's injury is the location or locations at which the infringing activity directly impacts the patentee, including the place where infringing sales are made.").  eBay sells infringing products in this District, injuring InNova here. The fact that eBay harms InNova in

other districts as well does not lessen this case's connection to Texas.  *See TS Tech*, 551 F.3d at

1321 (citizens of the Eastern District of Texas have "no more *or less* of a meaningful

connection" than citizens in other fora) (emphasis added).  Other Courts have also noted that

when deciding a motion to transfer venue, "both forums have an equivalent interest in protecting

their residents from patent infringement…." *Brandywine Comms. Tech. LLC. v. Cisco Sys.*, No

11-01843, at 13. (M.D. Fla. Mar 26, 2012).  Because both Courts have an interest in protecting

their citizens from patent infringement, this factor is neutral.

### 6.  The Remaining Public Interest Factors Are Neutral.

Since the Northern District of California and the Eastern District of Texas are equally

familiar with patent law and equally free of problems of conflict of laws, this factor is neutral.

## IV. CONCLUSION

eBay has not met its significant burden to show that Northern District of California is

clearly more convenient than the Eastern District of Texas.  Though the convience factor for

potential third party witnesses weighs in favor of transfer, every other factor weighs against

transfer or is neutral. Thus, the Court should deny eBay's motion.


Dated:  October 15, 2012          Respectfully submitted,

                                  /s/ *Nicholas S. Mancuso*
                                  Nicholas S. Mancuso

                                  THE LANIER LAW FIRM, P.C.
                                  Christopher D. Banys      SBN: 230038 (California)
                                  Daniel W. Bedell          SBN: 254912 (California)
                                  Carmen M. Aviles          SBN: 251993 (California)
                                  Daniel M. Shafer          SBN: 244839 (California)
                                  Nicholas S. Mancuso       SBN: 271668 (California)
                                  The Lanier Law Firm, P.C.
                                  2200 Geng Road, Suite 200
                                  Palo Alto, CA 94303

Tel: (650) 332-9100
Fax: (650) 322-9103
cdb@lanierlawfirm.com
dwb@lanierlawfirm.com
cma@lanierlawfirm.com
dms@lanierlawfirm.com
nsm@lanierlawfirm.com

Local Counsel:
WARD & SMITH LAW FIRM
Wesley Hill                        SBN: 24032294
P.O. Box 1231
1127 Judson Road, Suite 220
Longview, TX 75606-1231
(903) 757-6400          (903) 757-2323 (Fax)
wh@wsfirm.com

**ATTORNEYS FOR PLAINTIFF**
**INNOVA PATENT LICENSING, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of October, 2012 a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Pursuant to Local Rule CV-5(a)(3)(A) this document was served on all counsel who are deemed to have consented to electronic service.


/s/ *Georgia Perivoliotis*
Georgia Perivoliotis